Good morning, Your Honor. Hannah Petersep from the State Appellate Defender's Office on behalf of Appellant Dimeon Cole. Could you spell your last name? Spell it P-I-E-T-E-R-S-E. Thank you. Good morning, Your Honor. Counsel, Assistant State's Attorney Julie Rixey, R-I-E-K-S-E, on behalf of the people. Okay, so 15 minutes apiece. And APPA, you want some time for rebuttal? Yes, please. I would like two minutes for rebuttal. Two minutes for rebuttal. All right. And then how we're going to proceed this morning is we'll allow counsels their time to make their argument. And then once each side has made their argument, we'll ask questions. All right. And we'll do it by seniority. So, you know, I'll start. And if Justice Parker has any questions or then I'll refer to Justice Walker if she has any questions. Okay. Just so we understand. All right. Okay. And then make sure you keep your voices up loud and clear because I know you know that the microphone only speaks up for recording purposes. It doesn't amplify your voice. All right. And then for our visitors today, I know we have a number of visitors. If during the oral arguments you have to leave, we would just ask that you do so quietly. We understand that, you know, some of you are going to be here for some time and some of you are here for the entire duration. So we hope you find this interesting and informative. All right. And we may proceed. Good morning, Your Honors. Counsel. My name is Hannah Peterson. I represent Dimeon Cole in this matter. May it please the court. This case presents the novel question of whether a conviction is void if entered in the absence of geographic jurisdiction. In this case, Mr. Cole's conviction was entered only for intentional murder, but there was arguably no geographic jurisdiction for that offense. Because the murder was committed in Indiana after the victim was kidnapped from Illinois. Although the Illinois courts have not yet addressed this precise question, there is ample persuasive authority consistent with Illinois law concluding that a conviction is void for lack of subject matter jurisdiction if the offense is not sufficiently tied to the charging state. Accordingly, because Mr. Cole's pro se post conviction petition set forth an arguable claim that his conviction was void for lack of geographic and subject matter jurisdiction, this court should reverse and remand for second stage proceedings and appointment of counsel. Counsel, can I ask you a question? So the whole, I'm sorry, am I violating the structure? You're going to let her finish her whole argument. Go right ahead. I'm not going to remember it, so go right ahead. Certainly, Your Honor. So beginning first with the substance of Mr. Cole's claim. Under the common law, territorial or geographic jurisdiction was strictly limited to the boundaries of the state. So under the facts of this case, where the death occurred outside the state of Illinois, there would have been no geographic jurisdiction under the state of Illinois. However, the state of Illinois has enacted a statute expanding the principle of geographic jurisdiction for the state. Under the statute, the question is whether the offense was committed wholly or partly within the state. The statute goes on to define when an offense is committed partly within the state, explaining that either the conduct, which is an element of the offense, or the results, which is an element of the offense, must have been committed within Illinois for there to have been geographic jurisdiction. The Illinois Supreme Court in the Holt decision further defined what is meant by conduct, which is an element of the offense. In Holt, the court explained that we're not just talking about any conduct related to the eventual crime. We're not even talking about a related crime, such as in this case, the kidnapping that preceded the murder. Instead, we are specifically looking at the conduct which sets in motion the instrument or agency of death. So in the case of an intentional murder, that would be the actual act of killing with intent. So here, in this case, it is at least arguable for purposes of first-stage proceedings that the offense of intentional murder was not committed even partly within the state of Illinois, because the conduct resulting in the death, that is the shooting with intent to kill, occurred entirely in the state of Indiana. Now, the state has argued, and the trial court found prior to trial in this case, that there were some acts that conferred jurisdiction in this matter. However, that conclusion and the state's argument is inconsistent with the Holt decision, because under Holt, the mere formation of intent in the state of Illinois is not sufficient to confer geographic jurisdiction, unless there were acts taken in the state amounting to at least attempt murder. So in other words, a substantial step toward the commission of murder. The People v. Alexander case is a really good example of when an offense committed partly within Illinois and partly in another state actually does confer geographic jurisdiction. In that case, there was a beating that occurred in the state of Illinois that was then followed by the victim being driven outside the state and left and ultimately killed. In that case, the court concluded that because the beating was severe enough that it constituted a substantial step toward murder, then the beating itself conferred jurisdiction in that case because it arose to the level of at least attempt murder. Here, the facts of this case arguably do not support anything rising to the level of attempt murder or anything else jurisdictionally significant occurring in the state of Illinois. At a minimum, the facts arguably may support the formation of an intent to kill within the state, but again under Holt, that is not enough to confer jurisdiction in this state. Accordingly, because the conduct resulting in the death occurred entirely outside the state and there were no jurisdictionally significant acts occurring in the state of Illinois, there was arguably not geographic jurisdiction for Mr. Cole's conviction for intentional murder. Now, moving to the procedural aspects of this case. The state has argued that this court should not review the merits of Mr. Cole's claim because the claim was not raised on direct appeal and because as the state contends, this claim does not concern any constitutional issues. However, we've cited ample persuasive authority from both other jurisdictions as well as Professor Lefebvre's treatise on criminal procedure, explaining that geographic jurisdiction is an essential component of a valid criminal judgment. There are many other states that consider geographic jurisdiction to be a component of subject matter jurisdiction. In other words, in order for there to be a criminal offense creating a justiciable matter for the circuit court's review, there must be a tie to the charging state. There must be geographic jurisdiction. And again, the Illinois courts have not actually addressed this situation. The Illinois courts have not addressed the relationship between geographic jurisdiction and subject matter jurisdiction. However, based on the authority that we've cited in our briefs, it is at least arguable that the Illinois courts would consider geographic jurisdiction to be a component of subject matter jurisdiction. Or at the very least, the authority that we've cited supports the proposition that regardless of how it is characterized, geographic jurisdiction is not waivable as it is an essential component of a criminal judgment. Because geographic jurisdiction is arguably this essential element of a valid criminal conviction, it cannot be waived and it must be addressed at any time in the proceedings, including on post-conviction review. The Thompson case from the Illinois Supreme Court supports the proposition that a void judgment must be addressed at any time and can be challenged in perpetuity. Moreover, even if there is some other type of proceeding that might be better suited to address a void judgment, such as a Section 214.01 proceeding, the remedy for that issue would be to recharacterize the petition, not to summarily dismiss the petition. Moreover, there is at least arguable support for the proposition that geographic jurisdiction is also a constitutional issue. The United States Constitution recognizes the territorial principle in Article III, Section 2, as well as the Sixth Amendment. The Illinois Constitution has a territorial principle in Article I, Section 8. And multiple courts across the country have recognized that a conviction lacking geographic jurisdiction implicates the defendant's due process rights. So once again, although the Illinois courts have not directly addressed that issue, it is at least arguable based on the persuasive authority from other states, as well as the constitutional provisions themselves. So again, given that this claim is at least arguable on the facts and the law and is not subject to forfeiture, at least for purposes of the arguable basis standard for first-stage proceedings, the remedy here is second-stage proceedings. The Post-Conviction Hearing Act sets forth a mandatory remedy in the case of a petition that is improperly dismissed at the first stage. That remedy is second stage. In the event that this Court were to conclude that it is appropriate to bypass the procedures of the Post-Conviction Hearing Act, we do agree that the ultimate remedy here would likely be resentencing on the merged conviction of felony murder. However, it is not appropriate to jump to that stage at this point because second-stage proceedings are the required remedy. So I'm happy to take the Court's questions at this point. I believe Justice Burke has some questions. I have a few. Sure. So, Counselor, good morning. How are you? Good morning. I'm well. How are you? Good. Okay, you glossed over a couple facts here. They kidnap this man. They hold the man. They make threats to his brother on the phone. They say, that's it. You're never going to see him again, all encompassing in the kidnapping. Then they beat him with the steering rod column, and they tase him repeatedly while they're still in Chicago. But somehow that whole case, which says the beating happens and then the murder occurs in another state, we have jurisdiction. I'm not sure how you're getting around that. Well, Your Honor, first I would dispute that there was evidence that the beating actually occurred in Chicago. The evidence, the witnesses testified that they beat the defendant in the car on the way to Indiana. But you have no evidence that it didn't happen in Chicago. And you have evidence that the kidnapping and the threat against his life happened in Chicago. That's true, Your Honor. But, again, this is first-stage proceedings. And so what we're dealing with is whether there is an arguable basis in the fact. And here, because there is at least an arguable basis to conclude. But you had the testimony of the co-defendant. That's true, Your Honor. Of exactly what transpired. I mean, you have the case that you're citing, the Illinois Supreme Court case, cites under these facts we have jurisdiction. I would disagree with that, Your Honor. The Holt case states that the conduct which results in the death has to occur in Illinois. Here, the death occurred as a result of a shooting. There is no dispute in the evidence that the gun was not fired at the victim until they were in a vacant lot in Indiana. So it is at least arguable. So we're going to disregard all the kidnapping stuff. So, basically, your argument is wherever the shots are fired that kills him, that's the only state with jurisdiction. For purposes of intentional murder, yes. There's a reason there's no case law supporting this, because it's ridiculous. I appreciate it. Okay. So following up on my colleague's questions, every offense, you'll agree, actually is preceded by a series of actions or non-actions that leads to the offense. Yes. Correct? Right. And in this case, we have a gentleman who was kidnapped for the purposes of obtaining money, right? And when it becomes apparent to them that they're not going to get any money because their suspicion is that there's authorities involved, right, they decide to start moving this gentleman around and continue calling and saying they want the money, right? So all of these actions are leading to the purpose of ultimately the threat when they say in Illinois, when they call the brother and they tell him that, you know, if we don't get the money, you know, he's done for, basically, right? All right. So you're saying all of that should be disregarded in terms of leading up to ultimately what happens is when they realize that they're not going to get the money, they tape his mouth, they throw him in a van, and they drive to Indiana for whatever reason. But you're saying all these actions, all these circumstantial evidence that we have that was presented to the court and the cases indicate that it's a question of fact to determine where jurisdiction is. You're saying that we shouldn't consider that? A couple of things, Your Honor. First, yes, with respect to intentional murder. Now, I want to be very clear. I'm not suggesting that there is no possibility that there could be jurisdiction under the facts of this case, for example, over the felony murder charge. So, again, we're not disputing that there may be jurisdiction over one of the merged convictions. But when we're talking about the actual offense resulting in the judgment in this case, yes, Your Honor, we are looking specifically at intentional murder. And intentional murder requires that the conduct, which is an element of the offense, in other words, the conduct resulting in the death, has to have occurred in Illinois for there to be jurisdiction. And it's a question of fact, which we leave to the prior effect. And then the prior effect in this case determined that there was sufficient circumstantial evidence to establish that we had criminal jurisdiction in this matter. The judge did find that, Your Honor. However, the judge relied on an improper statement of the law, essentially concluding that because, under his view, the intent to kill was formed in Illinois, that that conferred jurisdiction. However, that conclusion was completely inconsistent with the Supreme Court's decision in Holt, which specifically stated that the formation of intent in Illinois is not enough without something at least arising to the level of attempt murder. So, going back to your previous question, when we're talking about acts arising to the level of attempt murder,  but if the mere making of threats could constitute a substantial step toward the commission of a murder, there would be a lot more defendants guilty of attempted murder than we have in this state. An attempted murder does not occur until an actual physical act constituting a substantial step toward the commission of murder occurs. And here, again, that was the shooting of the gun. All right, but what about the circumstances where one of the defendants tells the brother, start making arrangements for your brother because we ain't calling back again. And then at that point in time, they tape him up, right, and they put him in a van and they drive him to Indiana. So you're saying that still is not enough to show that there was intent what they were going to do. Your Honor, I would agree that the facts may arguably show an intent, but again, intent is not enough. And do the facts show evidence of a kidnapping and taking the victim to Indiana to kidnap him? Certainly. So what do we need here? What's missing? Well, again, the people versus Alexander cases. No, no, I'm talking about in terms of the facts. I mean, if we wanted to find jurisdiction here, what's missing? Tell us what's missing here. A substantial step toward the commission of the murder in the state of Illinois. And what would be a substantial step? For example, shooting the victim, even if he then later died in Indiana. Again, in the Alexander case, the beating was. . . So the beating's not enough? Well, again, we don't know exactly where the beating occurred. Okay. And. . . Again, it's a question of fact, right? It is a question of fact. But at this point, we are dealing with the arguable basis standard for purposes of first-stage review. And the facts of this case at least arguably support the conclusion that there was nothing of jurisdictional significance that occurred in Illinois. So what kind of evidence are you going to present in a second-stage proceeding? Well, Your Honor, I would certainly submit that under the facts as we have them, I would suggest that Mr. Cole would win in a third-stage evidentiary hearing. However, the state did not have the opportunity to put on further evidence pertaining to jurisdiction because the trial court ruled prior to the trial that there was jurisdiction. So that issue was not fully litigated on the state's behalf. So it may be that they would prefer to put on further evidence at an evidentiary hearing. It's really. . . It's impossible to say. I would certainly suggest that Mr. Cole would win an evidentiary hearing at this point. But that doesn't mean that it's appropriate to bypass the procedures of the Post-Conviction Hearing Act. Was the same judge the trial judge? Your Honor, I don't have that information in front of me. But I would be happy to provide it on rebuttal as well. Judge Walker, any questions? I have no questions for this counsel. Okay. All right. Thank you. And then you still have two minutes for rebuttal. Thank you. State. May it please the Court. Your Honors, this Court should affirm the dismissal of the petition at the first stage because the petitioner has not presented a constitutional claim either in law or in fact. Your Honors have sufficiently discussed the facts in this matter. I would ask to just at this point speak to the law on this. And the claim here before, reminding the Court of the claim that the petitioner is making here, is that the trial court's judgment was void for lack of subject matter jurisdiction and therefore petitioner is presenting a non-waivable constitutional claim. But, Your Honors, in fact, his claim is not that. It is a statutory claim alleging that the state failed to meet the requirements of a state statute. In essence, the petitioner is asking this Court to find that elements of a state statute are a prerequisite to constitutionally granted subject matter jurisdiction. And despite petitioner's numerous citations to out-of-state cases, Your Honors need look no further than our own Illinois Supreme Court, who has clearly and consistently rejected this argument. In Illinois, subject matter jurisdiction derives solely from the Illinois Constitution. Petitioner is arguing that a statutory requirement here, criminal jurisdiction, is incorporated into the constitutionally granted subject matter jurisdiction and therefore a condition of it. But the notion of making a statutory requirement a condition precedent to subject matter jurisdiction is at odds with our constitution and expressly rejected by our Supreme Court. Subject matter jurisdiction is defined as the power of the Court to hear and determine cases of a general class in which the proceeding in question belongs. It attaches when a petition, a complaint, an indictment, alleges the existence of a justiciable matter. In fact, a justiciable matter is the only prerequisite to subject matter jurisdiction. And a justiciable matter is defined as something concrete and definite, meaning not hypothetical or moot, and it is also touching upon the legal relations of parties having adverse interests. Criminal jurisdiction, our state statute, essentially sets forth the conditions the state must meet in order to charge a defendant with a crime when part or all of that crime occurs out-of-state. The seminal case in this matter is Bellevue-Toyota, 2002, Illinois Supreme Court. In that matter, the defendant claimed that the plaintiff violated a statute of limitations in the Motor Vehicle Franchise Act and that compliance with that statute was a built-in prerequisite to sue. So therefore, compliance with the statute was a jurisdictional prerequisite. The court held jurisdiction does not flow from a statute. It's conferred by the constitution. And therefore, a statute does not create a condition precedent to subject matter jurisdiction. And I'd ask for just a quote from the Bellevue case, Your Honor, because I think it's specifically on point here. The Supreme Court stated, quote, Characterizing the requirements of a statutory cause of action as non-waivable conditions precedent to a court's exercise of jurisdiction is merely another way of saying that the circuit court may only exercise that jurisdiction which the legislature allows. We reiterate, however, that the jurisdiction of the circuit court is conferred by the constitution, not the legislature. Only in the area of administrative review is the court's power to adjudicate controlled by the legislature. And that comes from page 335 of the Bellevue decision. In fact, this distinction is so important, Your Honors, that the court clarified later in a 2010 Supreme Court case in Ray-Louise R. that ultimately, even if a statutory requirement is not proven beyond a reasonable doubt, the circuit court still has subject matter jurisdiction because subject matter jurisdiction does not depend on the sufficiency of the pleadings. In other words, even if there's a defect in a complaint or an indictment, it does not divest the circuit court of subject matter jurisdiction. Here, the petitioner is making the exact claim that our Supreme Court has rejected. The petitioner is stating that the state did not meet the requirements of the state statute for criminal jurisdiction, and therefore the circuit court was divested of its subject matter jurisdiction. In doing so, the petitioner appears to rely on the word jurisdiction in the statute. But even though the statute uses the term jurisdiction, in Illinois, the term does not confer jurisdiction to the circuit court or divest the circuit court with jurisdiction because in Illinois, jurisdiction comes from the Constitution. Our Supreme Court in that same case in Ray-Louise S.R. addressed this in 2010, talking about sort of the misleading aspect of titling a state section of a statute or the statute itself as jurisdiction. In that matter, it involved a claim of a lack of jurisdiction to file a delinquency petition because the state had not met a statutory requirement related to the age of the respondent. And that particular statute in the Juvenile Act was entitled exclusive jurisdiction. And the court stated the use of the term exclusive jurisdiction was not helpful. It stated because, quote, it creates an impression that the statute grants authority to adjudicate and the limitations in the statute were limitations on jurisdiction. But as we have already seen, once the legislature creates a justiciable matter, the circuit court's authority to adjudicate the matter derives exclusively from the Constitution and cannot be limited by an authorizing statute, page 304. The court continued that the only question is whether the matter before the court is justiciable, noting that even though in this matter, the state statute, the legislature had restricted the class of persons against whom the state may initiate a juvenile delinquency proceeding, that that was no guarantee that the state will always abide by those restrictions. And this is important. The court states, quote, this is where the circuit court has its inherent authority to adjudicate a justiciable matter. By filing the petition, the state is alleging the existence of a justiciable matter at this point. Subject matter jurisdiction is triggered and the circuit court possesses all the authority it needs to adjudicate the merits of the state's claim, including whether that claim falls outside of the grant of the statutory section. So here, Your Honors, we have the exact same situation. The state statute entitled criminal jurisdiction defines who the state may bring charges against when part of a crime happens outside of Illinois. The circuit court, in its inherent authority to adjudicate the justiciable matter of first-degree murder, obtained subject matter jurisdiction upon the filing of the indictment. And then the court adjudicated the merits of the evidence put forth in it regarding the statutory requirements. Whether the trial court, in ruling that the state had met its burden, was in error, has absolutely nothing to do with constitutional subject matter jurisdiction. It's a sufficiency of the evidence claim, a claim that is not appropriate in a PC petition and should have and could have been raised on direct appeal. Therefore, not only has the petitioner failed to present the gist of a constitutional claim, he's waived his sufficiency of the evidence claim for failure to raise it on direct appeal. There's also, it should be noted, Your Honors, a public policy behind these Supreme Court decisions, and that's the finality of judgments. The Bellevue Court addressed the importance of this when it stated, quote, labeling the requirements contained in statutory causes of action jurisdictional would permit an unwarranted and dangerous expansion of the situations where a final judgment may be set aside on collateral attack, page 341. Petitioner's claim here today is an example of the type of claims the Bellevue Court warned about. By labeling his claim lack of subject matter jurisdiction, he's asserting that it's constitutional and non-waivable. Although it's true that subject matter jurisdiction is non-waivable and can be raised at any time, this is not a claim of voidness for subject matter jurisdiction. This is a statutory claim regarding the sufficiency of the evidence. Here, the filing of the indictment in which the State alleged a justiciable matter, definite and concrete matter of first-degree murder, that triggered the subject matter jurisdiction of the Circuit Court, and it attached to the Circuit Court. The Circuit Court then possessed the authority to adjudicate the merits of the statutory claims, including whether the criminal jurisdiction requirements had been met. The Circuit Court did this pre-trial, during trial, and post-trial. And any alleged error in the trial court's decisions or their proceedings, while it may require reversal on appeal, does not out subject matter jurisdiction. If petitioner's true claim is a lack of subject matter jurisdiction, the only question before this Court is, was there a justiciable matter? The answer to that is unequivocally yes, first-degree murder. Therefore, a petitioner's attempt to label a statutory cause of action as a non-waivable constitutional claim should be rejected. Petitioner has not presented a just of a constitutional claim, either in fact or as your honors have discussed in law, and we respectfully request that this Court affirm the Circuit Court to not dismiss the petition at the first stage. Thank you. Good morning, Ms. Ruxin. Good morning. How are you today? Would your argument change, let's play with facts a little bit, four friends carjack a car in Chicago, they drive across the state line, and one of them gets angry at another one and shoots him. How does that change? Well, those are similar to the facts in Holt. And, you know, my colleague discussed the facts in Holt, and the differentiating factor with Holt and the facts you're talking about, your honors, Holt was the only evidence before the court in that case were the defendant's own statements. So the defendant was placing all the actions as having been placed out of state. So in your analogy, the statute of criminal jurisdiction was amended and included the act if the forcible felony occurs within the state of Illinois, jurisdiction attaches. So I would say in that matter, was there someone kidnapped in your analogy? No. Just three or four friends, they carjacked a car. So if the underlying felony is possession of a stolen motor vehicle, then if the underlying felony occurs and the ultimate result is a death in another state, yes, there would be criminal jurisdiction. Thank you. I have no other questions. No other questions. Ms. Walker. Yes, I have a few questions. Good morning to you, counsel. I'd like to start where you started, which was with the law of the state of Illinois. And isn't it true that Article I, Section 8 of the Illinois Constitution grants to an accused the right, quote, to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed? Isn't that true? That is true. Okay. Yes. And then next I want to go to some of the facts. Okay. So we had two co-defendants testify in this case, correct? Yes. We had a Mr. McAfee and a Mr. Winters. Correct. Okay. And isn't it true that Mr. McAfee testified that when they arrived in Indiana, he thought they were going to let the victim go? Isn't that true? That's true. And isn't it true? I just want to clarify. I'm sorry to interrupt. I believe that was in the co-defendant Mitchell's case, just for clarification. I believe that statement was made by that witness in the co-defendant's case but brought to the court's attention in Mr. Cole's case. Okay. Terrific. And isn't it true that Mr. Winters testified, and I think with regard to Mr. McAfee, that was in the record pages 114 and 115. Okay. So it was in this record. Oh, okay. I apologize, Your Honor. And isn't it true that Mr. Winters testified that after that last phone call to the victim's brother, that Mr. Mitchell told the group they would take the victim to Indiana and act like you were going to kill him? That last act is his quote. Isn't that true? That's true. Okay. And isn't it true that Winters also said that they hit the victim while riding in the van because they were still trying to get him to tell them where some money was? Yes, that's true. So if they beat him so hard that he's near death, he's not going to be able to tell them where the money is, right? Well, that's one specific fact that you're drawing attention to. There's multiple facts in the trial court's decision that established the criminal jurisdiction. And that fact, in connection with all of the other facts, that he's bound, he's unable to escape, the ransom calls are made, there's a realization that the FBI is involved, and that sort of aggravates the situation and elevates it to the next level. Yes. So yes, although your honor is correct, all of those things are true in this matter. It's one fact of several facts. And in that matter, the trial court found, based on the evidence, that there was criminal jurisdiction. And isn't it also true that Mr. Winters testified that after they got out of the van in Indiana, Mitchell told defendant, quote, he was going to have to kill the dude? Yes, that's true. Okay. So that occurred in Indiana, right? That's true. Okay. And Winters also testified, didn't he, that he thought they were driving to a relative's house, but then they got to Indiana, and Mitchell has them stop the van, and then Mitchell says he's going to kill the victim? Isn't that true? I believe so, your honor. I don't recall that exact fact. And I do acknowledge that there was some, and it was brought to the trial court's attention, some differing testimony between the two trials. And it's a totality of the evidence when you're looking at whether or not there's criminal jurisdiction. And I'm happy to continue debating the facts, but I believe that the facts aren't even necessarily relevant here to the legal question at hand. To debate, and that is whether or not the petitioner's claim is this is a void judgment due to subject matter jurisdiction. Yes, I understand. So if we're going back to the actual claim, are we saying that the Supreme Court is very clear that even if there's faulty, even if there's faults or defects in the proof of your statutory requirement, that's never going to oust the subject matter jurisdiction? Okay. So I'm going to keep asking you some more questions about the facts, because I think the facts are very important here with regard to where the intent was formed. Sure. Okay? So then Winters testifies, doesn't he, that Mitchell had changed the plans as he knew it once they got to Indiana. That's the record page 490, right? Yes, Your Honor. Okay. And so really, other than this last phone call, which could be interpreted in a lot of ways, it could be interpreted as another ransom call, right? You know, you need to give us some money. So other than that phone call, where in the record is there evidence that the group decided to kill the victim in Illinois? The phone call, because again, these are different charges that were merged, and in order to have the charge upon which he was convicted, I believe you have to have both an intent to kill and performing a substantial step toward committing murder, right? For the felony murder. For the intentional murder charge, are you speaking of the felony murder? Yes. Yes, it is true under the 1 Act 1 crime, the court was obligated to merge those counts. There was a finding of guilty on all 13 counts, and actually Petitioner acknowledges that jurisdiction attached to that third count, the felony murder, but doesn't exactly explain how that jurisdiction somehow evaporates under the 1 Act 1 crime.  The trial court was obligated, since murder is a singular act, you can only be convicted of one kind of murder. Oh, I know that as well. So I'm going to interrupt you one more time here. So given the testimony in this record that I've just elucidated for you and for the folks here in the galley today, doesn't defendant's petition at least present an arguable claim that the intent to kill was not formed in Illinois? I do not believe so, Your Honor. Okay, good. Any other questions? No, that's it. Thank you. I just have one question that really hasn't been addressed yet, but it's an allegation that's raised in the briefs with regards to Mr. Cole actually preparing a petition that was presented as a pro se, and therefore was lacking all the appropriate and essential acronyms to the petition. Could you speak to that? If I understand your question, Your Honor, the pro se petition The affidavits, the affidavits weren't That's correct. There were no affidavits attached whatsoever. And his initial claim in his pro se petition actually says motion to dismiss based on out-of-state crimes. So as I mentioned in my brief, if we're taking the petition as it is, the challenge was really to the trial court's dismissal, I'm sorry, the trial court denying the motion to dismiss based on criminal jurisdiction. Of course that was extrapolated from that was the petitioner's claim here today based on subject matter jurisdiction. But you are correct, Your Honor, there was nothing attached. It was basically a boilerplate petition with just some handwritten indications for the claims with nothing attached to it. All right. So would that be basis enough for us to continue maybe sending it back?  Why not? Because I believe that here today the petitioner has asserted this claim of subject matter jurisdiction. And this is strictly a legal question. And actually the petitioner acknowledges that in his brief, that it's strictly a legal question. So the point that the petitioner made in his brief is that everything the court needs is in the record as far as the trial transcripts and the court's decision. So I don't believe that he would be entitled to a second stage just based on that. Okay. Thank you. I do have one more question, counsel. Any chance you went to the University of Illinois College of Law and had Wayne LaFave as your professor? I did not, Your Honor. Okay. Thank you very much. Okay. Any other questions? No. No. Okay. Thank you. Rebecca? Yes, Your Honor. Your Honor, the state, my colleagues spent a good deal of time discussing whether or not the claim here is purely a statutory claim and whether it affects the surrogate court's subject matter jurisdiction. The state focuses primarily on the fact that geographic jurisdiction is expanded and set forth in a more broadened fashion by statute. However, the Illinois statute concerning geographic jurisdiction did not create the concept of geographic jurisdiction. That concept preexisted the Illinois Constitution and the statute at issue. It derives from the common law, and as the various authorities that we've cited have made clear, it is essential to a criminal judgment of conviction and is therefore not simply a statutory claim. The In Re Lewis R case that my colleagues cited concerned a situation where the parties were arguing that juvenile jurisdiction was lacking because of the exclusive jurisdiction statute in effect for that particular area of law. However, juvenile jurisdiction, the exclusive jurisdiction for the juvenile courts, was created purely by statute. Here, geographic jurisdiction is not something that was created by statute. It exists in the Constitution and preexisted even the Constitution in the common law. Furthermore, the concept of geographic jurisdiction as being a component of subject matter jurisdiction is at least arguable and it is entirely consistent with the language from Bellville-Toyota that my colleagues cited. Under the law of Illinois, we have subject matter jurisdiction any time there is a justiciable matter. But as the authorities that I cited have explained, in order for there to even be a justiciable matter, there must be an Illinois crime that has been committed. In other words, the state could not file an indictment alleging a violation of the Indiana Code. And that is essentially the same sort of situation that occurs when the facts also do not support geographic jurisdiction. To answer your question, Justice Burke, the judge for a post-conviction proceedings was the same as the trial judge. Thank you. There is also at least an arguable constitutional claim here. The Illinois Constitution and the United States Constitution have territorial principles baked into them and therefore, at least for purposes of these first stage proceedings, this is a constitutional claim as well as a jurisdictional claim. I do also want to address my colleague's point that jurisdiction can't simply evaporate. It is true that there may have been jurisdiction over some of the merged convictions such as the felony murder. However, there are cases in Illinois that explain that a judgment is void either if the trial court does not acquire jurisdiction or if the trial court exceeds its jurisdiction. That's the Davis case. In this case, this would be a situation where the court exceeded its jurisdiction by entering a conviction on an offense for which there was no jurisdictional basis. Finally, Justice Walker, you were asking my colleague some questions about the facts of the case and she responded that, you know, these are simply some facts among many. I do want to remind the court that this is first stage proceedings. And all we need here is at least an arguable basis in the fact. And here, because there are a number of facts, as Your Honor pointed out, supporting the fact that there was no intent formed until the defendants reached the state of Indiana, it is at least arguable that there was no jurisdictionally significant acts committed in this state for purposes of the offense of conviction. And finally, just to address your point, Justice Reyes, I do think the state conceded it. However, there were no need for affidavits in this case. The petition was clear enough for purposes of at least the very, very lenient standard that we read pro se petitions under to make clear what the claim was. And there was no need for any further factual evidentiary affidavits, given that all the support for the claim is found in the record. So if there are any questions. Any questions? No questions. Any questions? No, thank you. No further questions. Then in sum, Mr. Cole's petition set forth the arguable basis of a claim that his conviction for intentional murder is void for lack of subject matter in geographic jurisdiction. Because the facts in the law arguably support Mr. Cole's claim, this Court should reverse and remand for second stage proceedings. Thank you. Okay. So I want to thank counsels for a well-argued matter and presenting us with a very interesting case. So we will take it under advisement, and the Court will take a very, very short recess, and then we'll proceed with the next matter.